UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

WILLIAM HERRING,

                         Plaintiff,

                                                              5:09-CV-1168
v.                                                            (GTS/GHL)

CITY OF SYRACUSE; DZENAN SELIMOVIC,
Police Officer, Syracuse Police Department; and
JEFFREY BEAUCHINE, Police Officer, Syracuse
Police Department,

                         Defendants.

_____

APPEARANCES:                                        OF COUNSEL:

WILLIAM HERRING, 09-B-0784
  Plaintiff, *Pro Se*
Orleans Correctional Facility
35-31 Gaines Basin Road
Albion, NY 14411

HON. GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

          This is a *pro se* civil rights action filed by William Herring ("Plaintiff") against the City

of Syracuse and two of its police officers ("Defendants").  For the reasons set forth below,

Plaintiff's Complaint is dismissed without prejudice for failure to serve pursuant to Fed. R. Civ.

P. 4(m), and in the alternative for failing to prosecute and/or obey an Order of the Court pursuant

to Fed. R. Civ. P. 41(b).

## I.      RELEVANT BACKGROUND

          Plaintiff filed his Complaint in this action on October 20, 2009.  (Dkt. No. 2.)  On

October 20, 2009, he was sent a personal copy of the Northern District's *Pro Se* Handbook.

(Dkt. No. 3.)[1]  The *Pro Se* Handbook informed Plaintiff that, *inter alia*, "[i]f one of your defendants cannot be served, you will not be able to prevail in your lawsuit against that person. It is your responsibility, and not the duty of the Court, to ascertain the . . . addresses of those individuals whom you believe caused you to be injured."  Northern District of New York's *Pro Se* Handbook, at 11 http://www.nynd.uscourts.gov/documents/Pro_Se_Handbook_2009_000.pdf [last visited Oct. 8, 2010].  It also informed Plaintiff that, *inter alia*, "[i]n order to begin a lawsuit in Federal Court, a plaintiff must submit to the Clerk of the Court the following documents: . . . [a] summons for each defendant[;] [and] . . . one completed USM-285 form for each defendant."  *Id.* at 16-17.

On November 2, 2009, United States Magistrate Judge George H. Lowe, of this District issued an Order that, *inter alia*, granted Plaintiff's motion to proceed *in forma pauperis* and directed Plaintiff to "comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action."  (Dkt. No. 6, at 2.)  On April 5, 2010, Plaintiff was mailed a notice advising him that, for service of his summonses and Complaint to be accomplished by the U.S. Marshals Service, Plaintiff would have to complete a new U.S. Marshals form USM 285. (Dkt. No. 8, at 4.)  The notice also advised Plaintiff that "FAILURE TO COMPLETE SERVICE ON A DEFENDANT MAY RESULT IN A DISMISSAL OF YOUR COMPLAINT AGAINST THAT DEFENDANT."  (*Id.* [capitalization in original].)

On May 24, 2010, Plaintiff sent a letter to the Court requesting three blank USM 285

---

[1]       The Court notes that, during the time in question, a copy of the District's *Pro Se* Handbook was on file in each correctional facility in New York State, including the correctional facility at which Plaintiff was then incarcerated.

2

forms, as well as a personal copy of the Local Rules of Practice for this Court.  (Dkt. No. 10.)[2]
On May 26, 2010, the Clerk's Office mailed those forms to Plaintiff, as well as three blank
summonses.  (Docket Entry for 05/26/2010.)  The Local Rules reminded Plaintiff that, *inter alia*,
"[w]henever it appears that the plaintiff has failed to prosecute an action or proceeding
diligently, the assigned judge shall order it dismissed."  N.D.N.Y. L.R. 41.2(a).

However, as of July 14, 2010, Plaintiff still had not submitted the completed summonses
and USM 285 forms.  As a result, on that date, the Court issued, and mailed to Plaintiff, a Text
Order again advising him that, "if he does not submit new proposed summons and USM-285
forms for each defendant for service by the U.S. Marshal Service and provide his current address
to the Clerk's office by 8/2/10, this case will be dismissed for failure to prosecute."  (Text Order
for 07/14/2010.)  Moreover, on July 20, 2010, the Court resent that Text Order–along with three
blank summonses and three blank USM 285 forms–to what Plaintiff had orally advised the
Clerk's office was his new address.  (Docket Entry for 07/20/2010.)

As of the date of this Decision and Order, Plaintiff has failed to submit the completed
summonses and USM 285 forms.

## II.   GOVERNING LEGAL STANDARDS

Rule 4(m) of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> If a defendant is not served within 120 days after the complaint is filed,
> the court–on motion or its own after notice to the plaintiff–must dismiss
> the action without prejudice against that defendant or order that service
> be made within a specified time.  But if the plaintiff shows good cause
> for the failure, the court must extend the time for service for an

---

[2]   The Court notes that, during the time in question, a copy of the Court's Local
Rules of Practice was on file in each correctional facility in New York State, including the
correctional facility at which Plaintiff was then incarcerated.

appropriate period.

Fed. R. Civ. P. 4(m).

Rule 41(b) of the Federal Rules of Civil Procedure provides that a district court may *sua sponte* dismiss an action for failure to prosecute and/or failure to obey a court order.  Fed. R. Civ. P. 41(b).  The Second Circuit has identified five factors that it considers when reviewing a district court's order to dismiss an action for failure to prosecute and/or failure to obey a court order under Fed. R. Civ. P. 41(b):

> (1) the duration of the plaintiff's failures, (2) whether plaintiff had received notice that further delays would result in dismissal, (3) whether the defendant is likely to be prejudiced by further delay, (4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard and (5) whether the judge has adequately assessed the efficacy of lesser sanctions.

*Hevner v. Village East Towers, Inc.*, No. 07-5608, 2008 WL 4280070, at *1-2 (2d Cir. Sept. 18, 2008) [citation omitted].

## III.   ANALYSIS

After carefully considering the matter, the Court finds that Plaintiff's Complaint should be dismissed without prejudice under Fed. R. Civ. P. 4(m) and/or Fed. R. Civ. P. 41(b).

With regard to the propriety of a dismissal pursuant to Fed. R. Civ. P. 4(m), Defendants were not served within 120 days after the Complaint was filed.  The Court then repeatedly gave notice to Plaintiff that it was going to dismiss the action if he did not complete and return new USM 285 forms.  Nonetheless, Plaintiff failed to complete and return new USM 285 forms, or

show cause for the failure.[3]

With regard to the propriety of a dismissal pursuant to Fed. R. Civ. P. 41(b), the Court finds that the five factors identified by the Second Circuit weigh decidedly in favor of dismissal. With regard to the first factor, the Court finds that the duration of Plaintiff's failure is more than four months.[4]  With regard to the second factor, the Court finds that Plaintiff clearly received adequate notice that further delays would result in dismissal of his action.  With regard to the third factor, the Court finds Defendants are likely to be prejudiced by a further delay by Plaintiff.[5] With regard to the fourth factor, the Court finds that the need to alleviate congestion on the Court's docket (especially congestion due to actions such as this one, which tend to languish for months and perhaps years) outweighs Plaintiff's right to due process and a chance to be heard further in this action.  Finally, with regard to the fifth factor, the Court finds that no lesser sanctions would be effective.  The Court notes that Plaintiff has already been chastised and twice declined to take advantage of an extensions of time in which to complete and return the

---

[3]     *See Waldo v. Goord*, 97-CV-1385, 1998 WL 713809, at *5 (N.D.N.Y. Oct. 1, 1998) (Kahn, J.) (dismissing a claim under Fed. R. Civ. 4[m] where pro se plaintiff failed to serve John Doe defendants during the year that elapsed between filing of complaint and issuance of order of dismissal by court); *Thomas v. Keane*, 99-CV-4302, 2001 WL 410095, at * 1, 5 (S.D.N.Y. April 23, 2001) (dismissing claim under Fed. R. Civ. 4[m] where pro se plaintiff failed to serve John Doe defendants  during the year that elapsed between filing of complaint and issuance of order of dismissal by court).

[4]     Generally, durations of such time are sufficient to weigh in favor of dismissal. *See* N.D.N.Y. L.R. 41.2(a) ("[P]laintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution."); *Georgiadis v. First Boston Corp.*, 167 F.R.D. 24, 25 (S.D.N.Y. 1996) (delay of four months).

[5]     For example, a further delay may well affect witnesses' memories, the ability to locate witnesses, and the preservation of evidence.  *See Geordiadis*, 167 F.R.D. at 25 ("The passage of time always threatens difficulty as memories fade.  Given the age of this case, that problem probably is severe already.  The additional delay that plaintiff has caused here can only make matters worse.").

referenced USM 285 forms.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED** **without prejudice** pursuant to Fed. R. Civ. P. 4(m), and /or Fed. R. Civ. P. 41(b); and it is also

**ORDERED** that, in addition to mailing a copy of this Decision and Order to Plaintiff at his address of record in this action (Orleans Correctional Facility), the Clerk's Office is directed to mail a copy of this Decision and Order to Plaintiff at 214 West Newell Street, Syracuse, New York 13205.

Dated: October 8, 2010
        Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge